IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN F. DRYS, JR.,

                Plaintiff,                OPINION AND ORDER

    v.

                                                17-cv-776-wmc

JAMES THORPE,

                Defendant.

---

*Pro se* plaintiff Brian F. Drys, Jr., who is currently incarcerated at Redgranite Correctional Institution, was granted leave to proceed on claims against defendant James Thorpe under the Eighth Amendment and state law for failing to treat a severe tooth infection properly in 2014. Defendant Thorpe subsequently moved for summary judgment on the grounds that Drys's Eighth Amendment claim must be dismissed for failure to exhaust his administrative remedies and his state law claim is barred by the applicable statute of limitations. (Dkt. #27.) More recently, Thorpe also filed a motion to stay the March 6, 2020, dispositive motion deadline in this case. (Dkt. #29.) For the reasons that follow, the court will grant in part and deny in part Thorpe's motion for summary judgment, and deny as moot his motion for stay. The motion will be denied as to Thorpe's request for judgment on Drys's Eighth Amendment claim, but granted as to Thorpe's request for judgment on Drys's state law claim.

OPINION

The court will address separately below Thorpe's motion for summary judgment on (1) Drys's Eighth Amendment claim for his failure to exhaust his administrative remedies, and (2) his Wisconsin negligence claim on statute of limitations grounds.

I. Eighth Amendment Deliberate Indifference Claim

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative

defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Under the applicable regulations, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint may "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner ("ICE") rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not rejected, the institution examiner makes a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint is then decided by the appropriate reviewing authority, whose decision can be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

Here, plaintiff Brian Drys is proceeding on an Eighth Amendment deliberate indifference claim, based on allegations that James Thorpe: (1) improperly filled a cavity on June 12, 2014; (2) failed to adequately treat the abscess from the cavity and his pain from the abscess on August 28, 2014; and (3) failed to perform a proper root canal on September 11, 2014. It is undisputed that Drys did *not* submit an inmate complaint related to his tooth care until September 4, 2014. That day he submitted CCI-2014-17438, listing the date Thorpe allegedly, originally failed to fill his cavity properly, June 12, 2014, but

added the word "ongoing" next to the date. (Ex. 1001 (dkt. #24-2) 8.) Drys also alleged that he was seen by a doctor on June 12, and got some surface cavities filled, but after the Novocain wore off, he felt sharp pains that continued for the next two months. Drys further alleged that: he subsequently wrote to the dental office, but "they just kept saying [he] was on the waiting list"; he eventually underwent an x-ray that showed a "large dark mass above the teeth" that had been worked on; and he had been scheduled to see a surgeon at Dodge Correctional Institution. (Davidson Decl. Ex. 1001 (dkt. #24-2) 8.) Drys concluded the September 2014 complaint by alleging that only after he showed a correctional officer a "marble size bump" on his gums that the Health Services Unit took his complaints seriously. (*Id.* at 9.)

The ICE rejected his complaint pursuant to § DOC 310.11(5)(d), since it was filed past the 14-day deadline. Drys then appealed that rejection, writing that the incident he described in his complaint was ongoing and arguing that while his cavities had been filled June 12, 2014, the same cavities were still causing him pain. (*Id.* at 10.) The reviewing authority affirmed the rejection, based on the following reason: "Mr. Drys in his complaint states that he notified dental staff with ongoing pain, he was seen and has since been scheduled for treatment. This complaint is moot." (*Id.* at 5.)

Defendant's position is that Drys's September 4 inmate complaint was not timely, and the fact that his pain was ongoing does not absolve his complaint's untimeliness. At the same time, defendant acknowledges that "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley*, 729 F.3d at 650. In *Turley*, the Court of Appeals for the

4

Seventh Circuit concluded that a prisoner who submitted a grievance challenging an ongoing lockdown policy a year *after* the policy went into effect satisfied the exhaustion requirement, reasoning that "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Id.* However, defendant argues that this principle does not apply to Drys's circumstances, since his complaint in CCI-2014-17438 was about Thorpe's discrete act on June 12, 2014, and its ongoing effects, which does not defeat a statute of limitations defense. *See Pitts v. City of Kankakee*, 267 F.3d 592, 595 (7th Cir. 2001) (finding placement of an allegedly defamatory sign to be the discrete act beginning statute of limitations, despite the fact that the sign remained in place); *Overton v. Health Comm'cs, Inc.*, No. 10-cv-701, 2012 WL 13069986, at *7 (W.D. Wis. Feb. 6, 2012) (citing *Pitts*). In support, defendant also cites a decision from the Eastern District of Wisconsin, in which the court concluded that a prisoner's inmate complaint about denied visitation was not a continuing wrong, since "the plaintiff was notified on a specific date that his request for visitation was denied". *Easterlong v. Thurmer*, No. 14-cv-1392, 2015 WL 9463156, at *2 (E.D. Wis. Dec. 28, 2015). Defendant's reliance of this decision and his argument on exhaustion more generally are equally unpersuasive.

In CCI-2014-17438, Drys certainly was complaining about ongoing pain, not just medical attention for the problematic cavity filling from June of 2014. Indeed, as Drys explained in his complaint, he had been trying to get attention for his ongoing pain *and* had been scheduled to see a surgeon because of a mass shown on an x-ray. These allegations support a finding that Drys was not merely challenging lingering pain from June 13, 2014,

5

but relief from an ongoing failure to provide care that was unresolved when Drys filed his inmate complaint. As such, Dry's circumstances fall more squarely under the scenario anticipated by *Turley*.

In any event, the record of Drys' appeal suggests that prison officials resolved his complaint about Thorne's dental care on the merits, despite the timeliness issue. "[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir.2004) (citing *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.2002)). Indeed, "a procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (quoting *Conyers v. Abitz,* 416 F.3d 580, 585 (7th Cir. 2005)).

Here, the reviewing authority affirmed the ICE's rejection of the complaint, but did not explicitly rely on timeliness. Rather, the authority stated that his complaint had been rendered moot because he was scheduled to be seen. As such, defendant Thorpe has not carried his burden to show that Drys failed to exhaust his administrative remedies with respect to his claims against him. *See Conyers*, 416 F.3d at 585 (where a grievance was denied on the merits with an observation that it was also untimely, that defendant did not prove a lack of exhaustion, since timeliness amounts to a "failure to exhaust only if prison administrators explicitly relied on that shortcoming").

## II. State Law Medical Malpractice Claim

Defendant also seeks judgment on plaintiff's state law medical malpractice claim against him on statute of limitations grounds. In Wisconsin, the law states that "an action to recover damages for injury arising from any treatment or operation performed by, or from an omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of: . . . Three years from the date of the injury[.]" Wis. Stat. § 893.55(1m)(a). Wisconsin courts apply the "physical injurious change" test to determine the date of injury in medical malpractice claims. *Doe 56 v. Mayo Clinic Health Sys. -- Eau Claire Clinic, Inc.*, 2016 WI 48, ¶ 17, 369 Wis. 2d 351, 363, 880 N.W.2d 681, 687. Under this test, a malpractice claim based on "improper treatment" accrues "on the date of the last physical touching by [the medical professional]." *Id.* ¶¶ 6, 19-20.

Defendant concedes that the latest date upon which plaintiff's claim accrued against him would be September 11, 2014, the date that he performed the allegedly improper root canal on plaintiff. Unfortunately for plaintiff, three years from that date would be September 11, 2017, while plaintiff did not sign the complaint in this lawsuit until September 29, 2017, and his complaint was not filed until October 10, 2017. Accordingly, plaintiff's state law claim is untimely, if only by a month or less.

Plaintiff's only remaining argument in opposition is that he has continued to suffer a wrong, but the Wisconsin Supreme Court rejected this argument in *Doe 56*, concluding that even if the injury is ongoing or unknown at the time of the "last physical touching," the date of the last physical touching is still when the three-year statute of limitations

7

starts. *Id.* ¶ 24. Accordingly, the court will grant this aspect of Thorpe's motion, and dismiss Drys's state law claim with prejudice.

ORDER

IT IS ORDERED that:

1) Defendant James Thorpe's motion for summary judgment (dkt. #22) is GRANTED in part and DENIED in part. It is granted with respect to plaintiff's state law negligence claim against defendant Thorpe, and denied with respect to plaintiff's Eighth Amendment deliberate indifference claim against Thorpe.

2) Plaintiff's state law negligence claim against Thorpe is DISMISSED with prejudice.

3) Defendant's motion for a stay (dkt. #29) is DENIED as moot.

Entered this 29th day of January, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge